IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Akif Muhammad**, | ) | |
| **And All Others Similarly Situated** | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | |
| **GBJ, Inc. d/b/a AFC Corporate** | ) | JURY DEMANDED |
| **Transportation; Hassan El-Lahham; and,** | ) | |
| **John Ferrari** | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME PLAINTIFF, AKIF MUHAMMAD, and all others similarly situated, and complain of Defendants GBJ, Inc. d/b/a AFC Corporate Transportation; Hassan El-Lahham; and, John Ferrari (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

### I.
### INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff Muhammad, and for all others similarly situated, in the course of their employment with the Defendants.

3. Plaintiff and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and state common law.

## II.
## JURISDICTION AND VENUE

5. Plaintiff Muhammad, on behalf of himself and the Plaintiff class, brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. This Court has supplemental jurisdiction over Texas state law. The state law claims alleged herein are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

9. Plaintiff, **Akif Muhammad**, is a resident of Houston, Harris County, Texas.

10. **Members of the "PLAINTIFF CLASS"** are current and former non-exempt hourly and salaried employees of Defendants who work, or have worked, for Defendants as drivers.

11. Defendant **GBJ, Inc. d/b/a AFC Corporate Transportation** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Robert Levine, at 146 Westcott Street, Suite 200, Houston, Texas 77007, or at

any other address where he may be found. This Defendant is engaged in commerce or the production of goods for commerce. It has acted, directly or indirectly, in the interest of an employer with respect to named Plaintiff and Members of the Plaintiff Class.

12. Defendant **Hassan El-Lahham** is an individual who may be served with summons and complaint at 15734 Aldine Westfield Road, Houston, Texas 77032, or at any other address where he may be found. Defendant El-Lahham is engaged in commerce or the production of goods for commerce. He has acted, directly or indirectly, in the interest of an employer with respect to named Plaintiff and Members of the Plaintiff Class.

13. Defendant **John Ferrari** is an individual who may be served with summons and complaint at 15734 Aldine Westfield Road, Houston, Texas 77032, or at any other address where he may be found. Upon information and belief, Mr. Ferrari is the step-son of Mr. El-Lahham. Defendant Ferrari is engaged in commerce or the production of goods for commerce. He has acted, directly or indirectly, in the interest of an employer with respect to named Plaintiff and Members of the Plaintiff Class.

14. Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of each Defendant or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

15. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendants were Plaintiff's "employer" within the meaning

of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all material times, Defendants were the "employer" of each Member of the Plaintiff Class within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all material times, Defendants have collectively been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20. At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21. Defendants are a common enterprise and "joint employer". 29 U.S.C. § 203(r).

22. Defendant Hassan El-Lahham is a shareholder of GBJ, Inc.

23. Defendant Hassan El-Lahham is a director of GBJ, Inc.

24. Defendant Hassan El-Lahham is an officer of GBJ, Inc.

25. Defendant Hassan El-Lahham is involved in the day-to-day business operation of each business owned and / or operated by GBJ, Inc.

26. Defendant Hassan El-Lahham is involved in setting company policies of each business owned and / or operated by GBJ, Inc.

27. With respect to each business owned and / or operated by GBJ, Inc., Hassan El-Lahham has the authority to hire and/or fire employees of each such business, including its managers and supervisors.

28. With respect to each business owned and / or operated by GBJ, Inc., Hassan El-Lahham has the authority to direct and supervise the work of employees of each such business,

including its managers and supervisors.

29. With respect to GBJ, Inc., Hassan El-Lahham has the authority to sign on the legal entity's checking accounts, including payroll accounts.

30. With respect to each business owned and / or operated by GBJ, Inc., Hassan El-Lahham has the authority to make decisions regarding employee compensation, including the compensation of managers and supervisors.

31. With respect to each business owned and / or operated by GBJ, Inc., Hassan El-Lahham has the authority to make decisions regarding marketing of each such business.

32. With respect to GBJ, Inc., Hassan El-Lahham has the authority to make decisions regarding capital expenditures.

33. Defendant John Ferrari is a shareholder of GBJ, Inc.

34. Defendant John Ferrari is a director of GBJ, Inc.

35. Defendant John Ferrari is an officer of GBJ, Inc.

36. Defendant John Ferrari is involved in the day-to-day business operation of each business owned and / or operated by GBJ, Inc.

37. Defendant John Ferrari is involved in setting company policies of each business owned and / or operated by GBJ, Inc.

38. With respect to each business owned and / or operated by GBJ, Inc., John Ferrari has the authority to hire and/or fire employees of each such business, including its managers and supervisors.

39. With respect to each business owned and / or operated by GBJ, Inc., John Ferrari has the authority to direct and supervise the work of employees of each such business, including its managers and supervisors.

40. With respect to GBJ, Inc., John Ferrari has the authority to sign on the legal entity's checking accounts, including payroll accounts.

41. With respect to each business owned and / or operated by GBJ, Inc., John Ferrari has the authority to make decisions regarding employee compensation, including the compensation of managers and supervisors.

42. With respect to each business owned and / or operated by GBJ, Inc., John Ferrari has the authority to make decisions regarding marketing of each such business.

43. With respect to GBJ, Inc., John Ferrari has the authority to make decisions regarding capital expenditures.

## IV.
## CLASS ALLEGATIONS

44. Plaintiff Akif Muhammad files this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

45. The class Plaintiff Muhammad seeks to represent may be described as follows:

> **All current and former employees of each of the above named Defendants who worked as a driver who 1) worked at any business located in Texas that was owned, operated and/or acquired by Defendants during the class period, and 2) claims that he or she was either (a) misclassified as exempt from overtime compensation or (b) not misclassified but did not receive all of his or her overtime pay, and seeks payment for such overtime pay.**

46. Plaintiff seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

47. All individuals that choose to opt-in, referred to as the "Plaintiff class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the

Court.

48. Plaintiff Muhammad contends that this action is appropriate for collective action status because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff class.

## V.
## FACTS

49. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

50. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

51. Plaintiff Akif Muhammad began his employment with the Defendants on January 17, 2009. He is presently employed with the Defendants.

52. During his employment with the Defendants, Plaintiff worked as a limousine driver and / or chauffeur, and the vehicles he drove included limousines, small buses, vans, minivans, minibuses, SUV's, and Town Cars ("driver").

53. During his employment, Plaintiff was paid under a complicated scheme that disregarded proper payment of overtime hours worked.

54. As a driver, Plaintiff has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it and Defendants' management demanded it.

55. In particular, Plaintiff's duties included, without limitation, picking up passengers arriving from all over the country at Houston Hobby and George Bush Intercontinental Airports; delivering business passengers traveling throughout the country to Houston Hobby and George

Bush Intercontinental Airports; chauffeur services for road shows, meetings and events, and chauffeur services for passengers to and from various hotels around Houston, Texas.

56. Plaintiff also performed the following duties: a) waiting for calls from dispatch with instructions for picking up a client (i.e., stand-by time); b) calling and communicating with dispatch to get additional assignments; c) travelling to pick up customers; d) waiting for late passengers and clients; e) picking up and dropping off customers; f) travelling from one job to another; g) cleaning, inspecting and maintaining Defendants' vehicles before and after his shift; h) re-fueling Defendants' vehicles; i) dealing with mechanical repairs of Defendants' vehicles; j) obtaining and placing of amenities in Defendants' vehicles; k) attending mandatory employee meetings; and l) attending mandatory employee training sessions.

57. Plaintiff's job duties were similar, if not identical to, the job duties of the other drivers employed by the Defendants. During the relevant period Defendants operated approximately 200 vehicles, and employed at least this many drivers.

58. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they were not paid for.

59. Despite the fact that Mr. Muhammad works between 70 and 85 hours per week, the only time for which he is paid is when there is a customer (or customers) in the vehicle. At all other times such as waiting for late customers, being in between jobs (on call), inspecting / maintaining the vehicle, and other duties listed in paragraph 56, Plaintiff has not been paid any wages for these times worked.

60. Furthermore, approximately 25% of the time, Defendants have filed to pay

8

Plaintiff any wages or gratuity at all for trips completed by the Plaintiff.

61. Additionally, during almost all times of their employment with Defendants, Plaintiff and the other drivers drove vehicles weighing less than 10,000 pounds (the "vehicles").[1]

62. As such, Plaintiff and Members of Plaintiff Class did not, and do not, fall within the "motor carrier exemptions",[2] or any other exemption to the overtime requirements of the FLSA.

## VI.
## FIRST CLAIM FOR RELIEF
**(Failure to pay wages, including overtime wages under the FLSA)**

63. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

64. Plaintiff Akif Muhammad and all others similarly situated are considered non-exempt employees.

65. Plaintiff Muhammad and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

66. During Plaintiff Muhammad's employment, he routinely worked more than 40

---

[1] The only vehicles drivers of Defendants, including Mr. Muhammad, drove that potentially weighed more than 10,000 pounds were minibuses; however, limousine drivers for Defendants, including Plaintiff, drove minibuses very infrequently, if at all.

[2] The motor carrier exemption applies to drivers employed by a "motor carrier." Before August 2005, the motor carrier exemption applied to all drivers operating in interstate commerce, regardless of the weight of the vehicle driven. *See* 49 U.S.C. § 13102 (2002) ("motor carrier" as used in 49 U.S.C. § 31502(b) meant simply "a person providing motor vehicle transportation for compensation."). On August 10, 2005, Congress passed the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"), which amended key definitions relating to the motor carrier exemption. See Pub.L. No. 109-59, 199 Stat. 1144 (2005). "Motor carrier" was redefined as a "person who provides commercial motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). "Commercial motor vehicle" was defined, in relevant part, as "a self-propelled or towed vehicle used on the highways in interstate commerce to transport passengers or property, <u>if the vehicle-(A) has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds whichever is greater</u>." (emphasis added). 49 U.S.C. § 31132(1). On June 6, 2008, Congress restored the pre-SAFETEA-LU definition of "motor carrier" when it passed the SAFETEA-LU Technical Corrections Act of 2008 ("TCA"), Pub.L. No. 110-244, §§ 305-06, 122 Stat. 1572, 1620-21 (2008). The TCA reconfirmed that the MCA exemption does not apply to drivers operating motor vehicles that weigh 10,000 pounds or less. 110 P.L. 244, § 306; 122 Stat. 1572, 1620-21 (2008) (quoted from *Glanville v. Dupar, Inc.*, 2009 U.S. Dist. LEXIS 88408 (S.D. Tex. Sept. 25, 2009), Hon. District Court Judge Lee Rosenthal). See also, *Albanil v. Coast 2 Coast, Inc.*, 2010 U.S. Dist. LEXIS 32666 (S.D. Tex. Mar. 31, 2010).

hours per week.

67. Defendants have failed to pay Plaintiff and similarly situated employees their wages for 'off-the-clock' hours worked, and have thus violated the Texas Labor Code and the FLSA.

68. Defendants have failed to pay Plaintiff his overtime wages for those hours he worked in excess of 40 per week.

69. Similarly, Defendants have failed to pay, and continue not to pay, overtime wages owed to all other similarly situated employees since the beginning of the three-year period preceding the filing of this civil action.

70. As such, Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

71. Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

72. Defendants failed to maintain a complete, accurate and contemporaneous record of the number of hours worked and the amount of wages paid to Plaintiff and to all other similarly situated employees.

73. Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

74. No exemption excused the Defendants from paying Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

75. Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Plaintiff and to all others similarly situated.

76. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial.

77. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

### SECOND CLAIM FOR RELIEF
**(Failure to pay wages in violation of the Texas Payday Act)**

78. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

79. Defendants, as Plaintiffs' employer, are obligated under the Texas Payday Act to pay Plaintiff and all other similarly situated employees, for all hours worked. *See* TEX. LABOR CODE § 61, *et seq*.

### THIRD CLAIM FOR RELIEF
**(Request for Preliminary Injunction – Spoliation of Evidence)**

80. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

81. Plaintiff and Members of Plaintiff Class will suffer irreparable harm if Defendants are not enjoined from this moment and during the pendency of this lawsuit from destroying any records that are in any related to the matters asserted herein, including any correspondence between Defendants, Plaintiffs, and Members of Plaintiff Class, and any records required to be maintained by the FLSA.

82. There is substantial likelihood that Plaintiff and Members of Plaintiff Class will prevail at the trial of this matter.

83. The harm that will result is irreparable to Plaintiff because Plaintiffs will not be able to replicate the destroyed evidence.

84. Plaintiff have no adequate remedy at law if Defendants destroy any employment related records.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

85. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

86. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

87. Thus, from discussion with Defendants, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

88. Other, similarly situated employees are being denied their lawful wages.

89. Accordingly, Defendants' pattern and practice of failing to pay the overtime pay (at time and one-half) to drivers as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members of the class.

90. Plaintiff's experience is typical of the experience of the members of the class as it pertains to compensation.

91. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

92. All drivers, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

93. Although the issue of damages may be individual in character, there is no

detraction from the common nucleus of liability facts.

94. All current and former drivers employed by the Defendants, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## VIII.
## ATTORNEY FEES

95. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

96. Plaintiff Muhammad, and all others similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## IX.
## JURY DEMAND

97. Plaintiff Muhammad, and all others similarly situated, make a formal demand for a jury trial in this matter.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Akif Muhammad and all others similarly situated respectfully request that upon final hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their right to participate in this lawsuit if they should so desire;

b. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, overtime

  pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period;

c. Declare that Defendants' violations of the FLSA are willful;

d. Enter an injunction restraining Defendants from destroying any payroll or other relevant records;

e. Enjoin Defendants from failing to pay Plaintiff, and all others similarly situated, at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day work period;

f. Order Defendants to pay Plaintiff, and all others similarly situated, the difference between what they should have paid for overtime hours plaintiffs worked during the relevant period and what they were actually paid, together with an equal amount as liquidated damages;

g. Order Defendants to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

h. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants; and,

i. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff Akif Muhammad, and to all other similarly situated employees of Defendants.

            Respectfully submitted,

            **ALI S. AHMED, P.C.**

        By: /s/ Salar Ali Ahmed
           **Salar Ali Ahmed**
           Federal Id. No. 32323
           State Bar No. 24000342
           One Arena Place
           7322 Southwest Frwy., Suite 1920
           Houston, Texas 77074
           Telephone: (713) 223-1300
           Facsimile: (713) 255-0013

           **ATTORNEY FOR PLAINTIFF
           AKIF MUHAMMAD**