**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AKIF MUHAMMAD, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2816 |
| | § | |
| GBJ, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is an FLSA case.  The plaintiffs are employees of GBJ, Inc., doing business as AFC Corporate Transportation, Hassan El Lahham, and John Ferrari.  The plaintiffs are drivers of limousines and similar vehicles who allege that they and similarly situated other employees were not paid for "off the clock" hours worked, in violation of the Act.  The parties agree that discovery into matters related to collective-action treatment must occur before a motion seeking conditional certification and issuance of notice is filed.  The deadline for that motion is August 27, 2011.  The plaintiffs have moved for equitable tolling of the statute of limitations for potential opt-in plaintiffs until ten days after this court decides whether to certify a collective action.  (Docket Entry No. 16). Potential opt-in plaintiffs are defined as: "All current and former employees of each of the above named Defendants who worked as a driver who 1) worked at any business located in Texas that was owned, operated and/or acquired by Defendants during the class period, and 2) claims that he or she was either (a) misclassified as exempt from overtime compensation or (b) not misclassified but did not receive all of his or her overtime pay, and seeks payment for such overtime pay."

The defendants have filed an opposition to this motion.  (Docket Entry No. 17).  The defendants argue that there is no basis for equitable tolling under current law.

The filing of a class action under Federal Rule of Civil Procedure 23 tolls limitations for putative class members.  *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) (citing *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974)).  Tolling is justified because "[o]therwise, class members would be led to file individual actions prior to denial of class certification, in order to preserve their rights.  The result would be a needless multiplicity of actions—precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid."  *Crown,* 462 U.S. at 345, 103 S.Ct. 2392.  Collective actions under the FLSA are not controlled by Rule 23.  *See, e.g., LaChapelle,* 513 F.2d at 288-89  Unlike Rule 23 class actions, plaintiffs must "opt in" to a FLSA collective action.  In *LaChapelle,* the court explained the significance of this difference for limitations:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written consent.

*Id.* at 288.  "This difference means that every plaintiff who opts in to a collective action has party status, whereas unnamed class members in Rule 23 class actions do not.  Consequently, although the original plaintiffs in a collective action may pursue the suit on a representative basis, each FLSA claimant has the right to be present in court to advance his or her own claim.  Conversely, only those

plaintiffs who have opted in are bound by the results of the litigation." 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1807 (3d ed. 2005). The statute is tolled for Rule 23 cases because otherwise parties would file protective filings to join or intervene in the suit, precisely the multiplicity of activity which Rule 23 was designed to avoid. In FLSA collective actions, by contrast, § 216(b) affirmatively requires repetitious filings. The reason for equitably the statute of limitations as a matter of course under Rule 23 is not present in the FLSA context.

In *Atkins v. General Motors Corp.,* 701 F.2d 1124, 1130 n. 5 (5th Cir.1983), the court adopted a strict view of the FLSA's limitations provision, stating that limitations runs from the opt-in date and a court could not "alter the express terms of the statute." The court approvingly cited *Groshek v. Babcock & Wilcox Tubular Prods. Div.,* 425 F.Supp. 232 (E.D. Wis.1977), in which the district court rejected an argument similar to that raised in the present case, that the statute of limitations should be tolled pending the court's decision on the conditional certification motion. *Id.* at 234. The court stated that "[t]his argument ignores the language of 29 U.S.C. § 256" and noted that "the fact that under Rule 23 the filing of the named plaintiff's complaint does toll the statute of limitations in certain actions has no effect on this action where Rule 23 does not apply." *Id.* (citations omitted).

Courts have observed that there was specific legislative intent that ordinary FLSA opt-in plaintiffs not have their filing dates relate back to the date of the original complaint for statute of limitations purposes. *See Grayson v. K Mart Corp.,* 79 F.3d 1086, 1006-07 (11th Cir.1996). Congress did not provide for tolling while a court considers whether to certify a case as a collective action under the FLSA. Rather, Congress "expressed concern that an opt-in plaintiff should not be

3

able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint." *Grayson,* 79 F.3d at 1106 (citing 93 Cong. Rec. 2,182 (1947)).

The issue is whether the present record presents extraordinary circumstances that would justify equitable tolling of limitations. *McKnight v. D. Houston, Inc*., 2010 WL 4806869, 10-11 (S.D. Tex. 2010).  "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir.2000) (quoting *Davis v. Johnson,* 158 F.3d 806, 810 (5th Cir.1998)).  Equitable tolling applies only in "rare and exceptional circumstances," *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir.2002) (quoting *Davis,* 158 F.3d at 811), and it is available only when a plaintiff diligently pursues his or her rights. *Caldwell v. Dretke,* 429 F.3d 521, 530 n. 23 (5th Cir.2005); *see also Pacheco v. Rice,* 966 F.2d 904, 906-07 (5th Cir.1992) (equitable tolling is justified "when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim").  The plaintiffs must demonstrate why their case should be exempt from the standard FLSA rule by showing that they diligently pursued their rights yet were "unable to discover essential information bearing on the existence" of their claim.  *See Pacheco,* 966 F.2d at 906-07.  The plaintiffs have not met this burden.  The only circumstance they cite warranting equitable tolling is the need for limited discovery to determine whether certification is appropriate.  This is present in many FLSA actions, despite the light burden imposed on  plaintiffs seeking conditional certification, and does not qualify as a "rare and exceptional circumstance."  Nor have the plaintiffs shown that this a case in which the a putative plaintiff is unable to discover the existence of the

claim.  *See Teemac,* 298 F.3d at 457.  On the current record, the court declines to apply equitable tolling of the statute of limitations for  potential opt-in plaintiffs.

SIGNED on March 9, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge