**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AKIF MUHAMMAD, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2816 |
| | § | |
| GBJ, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is an FLSA case. The plaintiffs, drivers of limousines and similar vehicles, are employed by GBJ, Inc., dba AFC Corporate Transportation. The plaintiffs allege that they and similarly situated other employees were not paid for "off the clock" hours worked, in violation of the FLSA. The parties agree that some discovery into matters related to collective-action treatment must occur before a motion seeking conditional certification and the issuance of notice is filed. The deadline for that motion is August 27, 2011. The plaintiffs moved for equitable tolling of the statute of limitations for potential opt-in plaintiffs until ten days after this court decides whether to certify a collective action. (Docket Entry No. 16). This court denied that motion. The plaintiffs now seek leave to amend their complaint to add five named plaintiffs: Sheila Roberton, Donna Jackson, Garrilyn Booker, Gerald Cahee, and Nguyen Vu. (Docket Entry No. 20). The deadline for amending pleadings has not expired. The defendants oppose this motion. (Docket Entry No. 22). Based on the motion, the response, and the applicable law, the plaintiffs' motion for leave to amend their complaint is granted. The reasons are explained below.

**I.      The Legal Standard for Leave to Amend**

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party before a responsive pleading is served. FED. R. CIV. P. 15(a)  After a responsive pleading is served, the party may amend only "with the opposing party's written consent or the court's leave." *Id.*  Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S. D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).  A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).

**II.     Analysis**

GBJ does not argue that the plaintiffs' motion is dilatory or in bad faith.  The only arguments against amendment are that it "subverts" this court's order refusing equitable tolling of limitations until after certification, and that granting leave is contrary to "the case law and congressional intent regarding FLSA statue of limitation."  (Docket Entry No. 22, at 2).  To the contrary, it is GBJ's position that is inconsistent with the FLSA and case law decided under the statute.

The purpose of FLSA collective-action certification is to determine whether the court should allow the plaintiff to send notice to potential opt-in plaintiffs.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) ("Indeed, while courts speak of 'certifying' a FLSA collective action, it is important to stress that the 'certification' we refer to here is only the district court's exercise of the discretionary power, upheld in *Hoffmann–La Roche*, to facilitate the sending of notice to potential class members."); *Alfonso v. Straight Line Installations, LLC*, No. 6:08-cv-1842-Orl-35DAB, 2010 WL

519851, at *1 (M.D. Fla. Feb. 10, 2010) ("[T]he benefit of a collective action is providing putative class members accurate and timely notice and the opportunity to opt-in." (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008)). But individuals who are already aware of the suit and want to join as plaintiffs need not wait until collective-action certification to do so. Courts may allow such parties to join before the case has been certified as a collective action. *See Alfonso*, 2010 WL 519851, at *1 ("A motion to proceed as a collective action is not required for an opt-in plaintiff to be considered a party plaintiff . . . ." (citing *Morgan*, 551 F.3d at 1259)).

Allowing such additional plaintiffs to join in the complaint before collective-action certification is consistent with the FLSA, 29 U.S.C. § 216(b), and with limitations. An FLSA action for overtime pay can be maintained by "any one *or more* employees for and in behalf of himself *or themselves* and other employees similarly situated." 29 U.S.C. § 216(b) (emphasis added). Section 216(b) permits multiple plaintiffs to bring an FLSA collective action and nothing in section 216(b) suggests that only the plaintiffs named in the original complaint may bring a collective action. Opt-in plaintiffs and original parties are treated the same under the FLSA. Unlike a Rule 23 class-action, "'no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent.'" *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008) (quoting *LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir.1975) (per curiam)); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). "Once opt-in plaintiffs consent to join, 'opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.'" *Alfonso*, 2010 WL 519851, at *1 (quoting *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297

(11th Cir. 2003)); *see also Coan v. Nightingale Home Healthcare, Inc.*, No. 1:05-0101-DFH-TAB, 2006 WL 1994772, at *2 (S.D. Ind. July 14, 2006) ("Under the opt-in procedures of 29 U.S.C. § 216(b), all . . . plaintiffs . . . are full parties for all purposes.").

As to limitations, as this court's previous ruling makes clear, unlike Rule 23 class-actions, the statute of limitations is not tolled for FLSA collective actions pending certification. *Muhammad v. GBJ, Inc.*, Civ. A. No. H-10-2816, 2011 WL 863785, at *1–2 (S.D. Tex. Mar. 9, 2011) (discussing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir.1975) (per curiam)).  Adopting GBJ's position and requiring a potential plaintiff with claims similar to the existing plaintiffs to wait until certification to opt-in runs the risk that limitations will run on those claims.  Allowing the plaintiffs leave to amend is consistent with the FLSA and its limitations rules.

### III.  Conclusion

The plaintiffs' motion for leave to file an amended complaint, (Docket Entry No. 22), is granted.

SIGNED on June 10, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge